IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH JORDAN, # 60818-054, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-443-JPG |
| | ) |
| WARDEN, USP-MARION, | ) |
| UNKNOWN PARTY | ) |
|     (Medical Intake Clerk), | ) |
| MS. HOLLINGSWORTH, | ) |
| FOOD SERVICE ADM'R IRVIN, | ) |
| UNKNOWN PARTY | ) |
|     (Health Service Administrator), | ) |
| and CHARLES E. SAMUELS, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of Plaintiff's Third Amended Complaint (Doc. 150), submitted on October 1, 2015, at the direction of the Court. Plaintiff originally filed this civil rights action in the Eastern District of New York on May 21, 2009. The case was transferred to this Court on March 12, 2015, after dismissal of most of Plaintiff's claims (Doc. 115).

Upon review of the surviving claims contained in Plaintiff's Second Amended Complaint and the previous court orders pertaining to this action, this Court parsed Plaintiff's claims into four distinct counts (Doc. 120, p. 7). These were:

    **Count 1:** Eighth Amendment claim against the Marion Medical Intake Clerk who screened Plaintiff in February 2010, and Marion Warden Hollingsworth, for deliberate indifference to Plaintiff's medical needs for pain relief, diagnosis, and treatment of his serious spine and brain conditions, between February 2010 and

June 26, 2011[1] (designated by Plaintiff as §VC1 in the complaint);

**Count 2:** Eighth Amendment claim against the Marion Food Service Administrator (Irvin), Marion Health Service Administrator, and Marion Warden Hollingsworth, for deliberate indifference to Plaintiff's need for a vegetarian diet that meets nutritional requirements and does not place his health at risk, between February 2010 and June 26, 2011 (designated by Plaintiff as §VC6 in the complaint);

**Count 3:** Eighth Amendment claim against the Marion Health Service Administrator for deliberate indifference to Plaintiff's nutritional need for an equivalent dietary substitute for soy and meat in his vegetarian diet, between February 2010 and June 26, 2011 (designated by Plaintiff as §VC8 in the complaint);

**Count 4:** First Amendment claim against Warden Hollingsworth for unconstitutionally burdening Plaintiff's practice of his Buddhist religion, by failing to allow him to purchase herbs, hygiene products, and other necessary items from the prison commissary at his own expense, between February 2010 and June 26, 2011 (designated by Plaintiff as §VC10 in the complaint).

(Doc. 120, p. 7). The references in the counts quoted above to "the complaint" are to the Second Amended Complaint (Doc. 31). Numerous other claims in the 124-page Second Amended Complaint had already been dismissed.

This Court then ordered Plaintiff to submit an amended complaint, in which he would identify the two unknown party Defendants (the Medical Intake Clerk and the Health Service Administrator), and eliminate the voluminous material which contained the previously-dismissed claims (Doc. 120, pp. 11, 14-15). Because Plaintiff sought injunctive relief, the Clerk was directed to add the Warden of USP-Marion and substitute the Director of the Federal Bureau of Prisons,[2] each in their official capacity, as party Defendants. The four Defendants included in Counts 1-4 above also remained in the case. Plaintiff was given until May 25, 2015, to file his Third Amended Complaint; his deadline was subsequently extended to September 10, 2015, and

---

[1] June 26, 2011, is the date when Plaintiff submitted his Second Amended Complaint (Doc. 31, pp. 121-22).
[2] The BOP Director was later identified as Charles E. Samuels, and he has been substituted as a party.

then to October 2, 2015 (Docs. 140, 146).

The Court gave Plaintiff specific directions as to the contents of the Third Amended Complaint.  It was ordered that the amended pleading:

> [S]hall consist **ONLY** of the claims described above as Counts 1-4, and the factual allegations supporting those claims.  If Plaintiff attempts to add new claims or revive dismissed claims in the Third Amended Complaint, it shall be stricken and this action may be subject to dismissal for failure to comply with an order of this Court.  *See* FED. R. CIV. P. 41(b).

(Doc. 120, p. 14).

The Third Amended Complaint flagrantly ignores the Court's order quoted above.  Plaintiff chose not to proceed on the claim for deliberate indifference to his serious medical needs related to his spine and brain conditions, designated above as Count 1.  Rather than merely omitting this claim, however, he substituted an entirely different claim under Count 1 (Doc. 150, pp. 4-10).  The claim he seeks to insert is for what he views as a First Amendment violation, in that several Defendants have prohibited Plaintiff from communicating with the news media and the public regarding his criminal case, and have imposed punishment on him (including the loss of good-time sentence credit) for attempting to engage in such communications.  Plaintiff notes that he had previously raised this claim in the Second Amended Complaint, referencing still-ongoing violations that commenced in February 2010.

With his substitution of the First Amendment claim under Count 1, Plaintiff runs afoul of this Court's order to confine his claims only to Counts 1-4 as defined by this Court, and of the order prohibiting him from reviving claims that had already been dismissed from this case.  The claim he seeks to add regarding the prison's restrictions on Plaintiff's communications did not survive the earlier screening of this action.

Plaintiff was warned in the April 20, 2015, order that if he attempted to add new claims

or revive dismissed claims in the Third Amended Complaint, his pleading would be stricken from the record (Doc. 120, p. 14). He was also warned that failure to comply with the Court's order could result in the dismissal of the entire action. Under the circumstances now presented, the Court must consider whether to allow this litigation to proceed further.

Plaintiff was clearly told what to include in his amended pleading, as well as what matters must be omitted. He purposely and blatantly ignored the Court's order. This case has been pending since 2009. Plaintiff has been given ample opportunity to amend his pleading before this case arrived in the Southern District of Illinois. This Court once again permitted Plaintiff to amend the complaint in order to proceed with potentially serious health-related claims in Counts 1-3, as well as the religious-practice claim in Count 4. Plaintiff has now abandoned what was arguably his most serious claim, which alleged inadequate treatment of his medical conditions.

The undersigned Judge has been liberal in extending the deadline for Plaintiff to submit his Third Amended Complaint. Plaintiff has had over five months in which to prepare this amended pleading, subsequent to the Court's order to amend. Rather than focusing on the claims designated by the Court, however, Plaintiff chose to flout the Court's order by attempting to revive an old (albeit allegedly continuing) and previously dismissed claim. He cannot proceed on the Third Amended Complaint. Given the history of this case, the Court cannot justify permitting Plaintiff to try once again to submit an acceptable amended pleading. Accordingly, this action shall be dismissed in its entirety.

The Court further notes that Plaintiff was recently transferred away from the USP-Marion, where his claims in Counts 1-4 arose, to the federal prison in Terre Haute, Indiana. The dismissal of this action will not affect Plaintiff's ability to pursue any new claims that might arise

from his confinement in that institution.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED with prejudice** for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur,* 9 F.3d 26, 29 (7th Cir. 1993) (dismissal with prejudice was proper where plaintiff refused to follow an order of the court).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remainder of the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline

cannot be extended.

**IT IS SO ORDERED.**

**DATED: October 29, 2015**

                                                  <u>s/J. Phil Gilbert</u>
                                                  United States District Judge